HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAYTRONICS, LTD.,

Plaintiff,

v.

CHASING INNOVATION TECHNOLOGY
CO., LTD. and CHASING TECHNOLOGY
(USA), LLC,

Defendants.

Case No.  2:23-cv-01406-JNW

**JOINT STATUS REPORT**

## JOINT STATUS REPORT

Pursuant to the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement, Dkt. No. 7 ("JSR Order"), the Court's Local Civil Rules ("LCR") and Local Patent Rules ("PAT"), and after having conducted a Rule 26(f) conference, plaintiff Maytronics, Ltd. ("Plaintiff" or "Maytronics") and defendants Chasing Innovations Technology Co., Ltd. ("Chasing-China") and Chasing Technology (USA), LLC ("Chasing-USA") (collectively "Defendants" or "Chasing")  jointly submit the following Joint Status Report.

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
Telephone: +1 206 623 7580
Facsimile: +1 206 623 7022

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 1. Nature and Complexity of the Case

The Parties jointly present the following nature of the case as a general summary and without waiver of any kind. The Parties reserve all their claims and defenses. Nothing herein shall be considered an admission by any party.

This is a patent infringement case. Plaintiff, Maytronics, is a global leader in the swimming pool industry, specializing in pool water solutions and offering a wide variety of products such as robotic pool cleaners, pool safety products and water treatment systems. Maytronics was founded in 1983 and over the past 40 years, through innovative technology, design and reliability, Maytronics has built its pool cleaning robots into leading global brands, including the brand name Dolphin.

Among Maytronics innovative technologies is a filter bypass mechanism claimed and disclosed in U.S. Patent No. 10,378,229 ("the '229 patent"). Prior to Maytronics' development of the filter bypass mechanism, the effectiveness or even mere movement of cleaning robots in the market required a clean filtering unit. For example, some prior cleaning robots may stop moving all together when the filter is clogged. Further, prior cleaning robots were unable to climb vertical pool walls without sufficient fluid flow to create the suction necessary to attach the cleaning robot to a vertical pool wall. Maytronics' patented filter bypass mechanism allows for continual fluid flow through the cleaning robot to maintain consistent motion and to create sufficient suction to enable vertical pool wall climbing.

The following images depict some of the Maytronics' products bearing the Dolphin brand that include the filter bypass feature disclosed and claimed in the '229 patent:

JOINT STATUS REPORT- 2
Case No. 2:23-cv-01406

 

Dolphin Active 60          Dolphin M600          Dolphin Nautilus CC Pro

In 2022, Chasing entered the robotic pool cleaning industry by making, using, selling, and offering for sale in the United States and/or importing into the United State the Chasing CM600 pool cleaner, depicted in the following image:



https://www.chasing.com/en/chasing-cm600-robotic-pool-cleaner.html.

Maytronics sent Chasing-China a cease and desist letter, which was delivered on May 9, 2023. In the cease and desist letter, Maytronics informed Chasing-China of Maytronic's position that the Chasing CM600 pool cleaner infringed at least claim 1 of the '229 patent, and requested that Chasing-China cease and desist from infringing the '229 patent.    Maytronics also sent Chasing-USA a cease and desist letter, which was delivered on May 4, 2023. In the cease and desist letter, Maytronics informed Chasing-USA of Maytronic's position that the Chasing CM600 pool cleaner infringed at least claim 1 of the '229 patent, and requested that Chasing-USA cease and desist from infringing the '229 patent. Neither Chasing-China nor Chasing-USA responded to Maytronics' cease and desist letter before the instant lawsuit was filed.  However, since the lawsuit was filed, counsel for the Parties have participated in preliminary settlement discussions, which are ongoing.

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
Telephone: +1 206 623 7580
Facsimile: +1 206 623 7022

Plaintiff Maytronics has asserted that Defendants Chasing willfully infringe the '229 patent by virtue of making, using, selling, offering for sale, and/or importing the Chasing CM600 robotic pool cleaner in and/or into the United States. The claimed invention of the '229 patent is directed to a cleaning robot that includes a housing having an inlet and an outlet, a filtering unit located within the housing for filtering fluid, a bypass mechanism to allow fluid to bypass the filtering unit, and a fluid suction unit that directs fluid, which enters through the inlet and passes through either the filtering unit or the bypass mechanism, toward the outlet.  Plaintiff seeks actual damages and enhanced damages under 35 U.S.C. § 284, a finding that Defendants infringement has been willful and the case is exceptional under 35 U.S.C. § 285, costs and attorneys' fees, and a permanent injunction pursuant to 35 U.S.C. § 283.

Defendant Chasing-China is a world-leading company in research and development, production and sales of consumer-grade underwater drones, industrial-grade underwater robots and portable smart unmanned equipment. Defendant Chasing-China is a national high-tech enterprise in China.  Founded in 2016, Chasing-China is headquartered in Shenzhen with a wholly-owned subsidiary in the U.S. via Chasing-USA.  While Defendants acknowledge that they manufacture and sell the CM600 pool cleaner, they vigorously deny infringement of any valid claim of the '229 patent.

The Parties do not think that this case will be more complex than any other typical patent infringement case.

**2.   Consent to Assignment of Magistrate Judge**

The Parties do not consent to assignment of a magistrate judge.

**3.   Proposed Deadline for Joining Additional Parties**

The Parties propose a deadline of February 29, 2024 for joining additional parties.

JOINT STATUS REPORT- 4
Case No. 2:23-cv-01406

**4.  Statement for Class Certification**

N/A.

**5.  Discovery Plan**

    **A.  Initial Disclosures**

Pursuant to the JSR Order and the Order Granting Unopposed Motion to Extend Time (Dkt. No. 20), the Parties timely served their respective Initial Disclosures on December 6, 2023.

    **B.  Subjects, Timing, and Potential Phasing of Discovery**

Plaintiff anticipates that discovery will include design, manufacture, marketing and sales of Defendants' Chasing CM600 robotic pool cleaner, the allegations raised in the complaint, the validity of the asserted patent, prior art to the asserted patents, Defendants knowledge of the '229 patent and damages relating to the accused product, among other issues relating to the asserted patent and the parties' claims or defenses.

Defendants anticipate that discovery will also include topics relating to the ownership, enforcement, licensing, conception and reduction to practice of the alleged invention of the '229 patent.

The Parties do not believe that there are any unusual timing issues related to discovery that need to be addressed in the Court's Scheduling Order. Resolution of the case would not benefit from phasing of discovery.

Otherwise, the Parties propose the following case schedule, which modifies the deadlines provided for in the Local Patent Rules:

| EVENT | Plaintiff's Proposed Deadline | Defendants' Proposed Deadline |
|---|---|---|
| Fed. R. Civ. P. 26(f) Conference | November 1, 2023 (Court Ordered) | N/A |

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
Telephone: +1 206 623 7580
Facsimile: +1 206 623 7022

| | | |
|---|---|---|
| Exchange of Fed. R. Civ. P. 26(a)(1) Initial Disclosures | December 6, 2023 (Court Ordered) | N/A |
| Plaintiff to serve Preliminary Infringement Contentions and disclosure of asserted claims and accompanying file history for the Asserted Patent (PAT 120) | December 6, 2023 | N/A |
| Combine Joint Status Report and Discovery Plan | December 13, 2023 (Court Ordered) | N/A |
| Deadline for Defendants to answer or otherwise defend | January 16, 2024 (Court Ordered) | N/A |
| Defendant to serve Preliminary Non-Infringement and Invalidity Contentions (PAT 121) and accompanying document production (PAT 122) | February 20, 2024 | Agree with Plaintiff's proposal |
| Deadline for amended pleadings | | February 29, 2024 |
| Parties to exchange Proposed Terms and Claims Elements for Construction (PAT130) | March 29, 2024 | Agree with Plaintiff's proposal |
| Parties to exchange Preliminary Claim Constructions and Extrinsic Evidence (PAT 131) | April 19, 2024 | Agree with Plaintiff's proposal |
| Parties to file Joint Claim Chart and Prehearing Statement (PAT 132) | May 24, 2024 | Agree with Plaintiff's proposal |
| Construction Expert Disclosures, if necessary (PAT 132) | June 7, 2024 | Agree with Plaintiff's proposal |
| Completion of claim construction discovery, if necessary (PAT 133) | June 28, 2024 | Agree with Plaintiff's proposal |
| Joint Claim Construction Brief (PAT 134)<br>1. Plaintiff to serve opening brief<br>2. Defendant to serve answering brief<br>3. Plaintiff to serve reply brief<br>4. Defendant to serve sur-reply brief | 1. July 12, 2024<br>2. July 26, 2024<br>3. August 9, 2024<br>4. August 16, 2024<br>5. August 23, 2024 | Agree with Plaintiff's proposal |

JOINT STATUS REPORT- 6
Case No. 2:23-cv-01406

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
Telephone: +1 206 623 7580
Facsimile: +1 206 623 7022

| 5. Parties to file Joint Claim Construction Brief | | |
|---|---|---|
| Tutorial (if necessary) (PAT 132(g)) | 14 days prior to Claim construction hearing ready date | Agree with Plaintiff's proposal |
| Claim construction hearing ready date (PAT 135) | September 27, 2024 | Agree with Plaintiff's proposal |
| Claim Construction Hearing | Per Court Order | N/A |
| Close of fact discovery | February 20, 2025 | Agree with Plaintiff's proposal |
| Parties to exchange initial expert reports | March 7, 2025 | Agree with Plaintiff's proposal |
| Parties to exchange responsive/rebuttal expert reports | April 3, 2025 | Agree with Plaintiff's proposal |
| Parties to exchange supplemental reports | April 25, 2025 | Agree with Plaintiff's proposal |
| Close of expert discovery | May 16, 2025 | Agree with Plaintiff's proposal |
| Parties to file case dispositive motions and/or *Daubert* motions | July 31, 2025 | Agree with Plaintiff's proposal |
| Trial Ready Date | November 3, 2025 | Agree with Plaintiff's proposal |

## C. Electronically Stored Information

Given the scope of anticipated discovery, the Parties do not anticipate any unusual issues related to discovery of electronically stored information ("ESI") that would warrant involvement of the Court at this time.

The Parties will work together and endeavor to agree upon an ESI order compliant with the model order regularly used in this district. See also, *supra* Part 5.B.

## D. Privilege Issues

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
Telephone: +1 206 623 7580
Facsimile: +1 206 623 7022

The Parties do not anticipate any unusual privilege issues that warrant the Court's involvement at this time.

### E.  Proposed Limitations on Discovery

The Parties do not currently anticipate the need for any limitations on discovery or any unusual issues with or any difficulty completing discovery within the limitations that currently exists under the rules and proposed schedule that would warrant involvement of the Court at this time. Plaintiff does anticipate documents produced by Defendants may be written/recorded in Chinese rather than English. Plaintiff also anticipates that Defendants' witnesses may speak Mandarin or Cantonese, and not English.  Likewise, Defendants anticipate (i) documents produced by Plaintiff may be written/recorded in Hebrew, and not English; and (ii) Plaintiff's witnesses may speak Hebrew, and not English.  The Parties agree to work together to resolve any issues as a result of this potential language barrier. To the extent that this becomes an issue or obstacle, the Parties may seek guidance from the Court. However, currently, given the scope of anticipated discovery, the Parties do not anticipate further expansion or reduction of discovery at this time.

### F.  Need for Any Discovery Related Orders

A Protective Order imposing certain discovery-related limitations on trade secrets and other confidential or proprietary information will be necessary. The Parties will work together and endeavor to agree upon a Protective Order compliant with the model order regularly used in this district that includes adequate protections for any production of highly sensitive trade secrets and other confidential or proprietary information.

## 6.  Parties' Views, Proposals, and Agreements Regarding Certain Issues

### A.  Prompt Case Resolution

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
Telephone: +1 206 623 7580
Facsimile: +1 206 623 7022

The Parties agree that, given the nature of the claims, defenses and potential damages, the prospects for an early consensual resolution should continue to be explored by the Parties. Accordingly, the Parties intend to continue discussions regarding early resolution.

### B. Alternative Dispute Resolution

Given the nature of the claims of infringement, the asserted claims of the patent and defenses to be asserted by the Defendant, the Parties maintain that ADR is not warranted at this time.

### C. Related Cases

There are currently no pending cases in any U.S. district court or before the International Trade Commission in which the claims of the '229 Patent are asserted or otherwise in dispute. Similarly, there are no pending requests for or instituted *inter partes* or *ex parte* review proceedings at the U.S. Patent & Trademark Office regarding the '229 Patent.

### D. Discovery Management

The Parties will work together cooperatively to streamline discovery and to make a good faith effort to try to resolve any discovery-related disagreements that arise. Appointment of a Discovery Master is not warranted at this time. To the extent that the Parties are unable to resolve such dispute without Court intervention, the Parties agree to present such disputes through the procedures set forth in either LCR 7(d)(3) or LCR 37(a)(2).

### E. Anticipated Discovery Sought

The Parties intend to conduct discovery on issues raised in the Complaint including at least the subject areas identified in Section 5.B.

### F. Phasing Motions

The Parties do not anticipate the need to phase motion practice.

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
Telephone: +1 206 623 7580
Facsimile: +1 206 623 7022

### G.  Preservation of Discoverable Information

The Parties have taken reasonable steps to preserve discoverable information. Accordingly, the Parties do not anticipate the need for Court intervention regarding preservation issues at this time.

### H.  Privilege Issues

All documents that pre-date the filing of the complaint that are withheld from production under a claim of privilege will be identified in a privilege log that is provided to the requesting party.

### I.  Model Protocol for Discovery of ESI

The Parties will work together an endeavor to agree upon an ESI order compliant with the model order regularly used in this district.

### J.  Alternative to Model Protocol

The Parties will work together an endeavor to agree upon an ESI order compliant with the model order regularly used in this district.

### 7.  Date by Which Discovery Can Be Completed

See proposed schedule in Section 5.B.

### 8.  Bifurcation of the Case

The Parties agree that there is no meaningful reason to bifurcate the case at this time.

### 9.  Necessity for Pretrial Statements and Pretrial Order called for by LCR 16(e), (h), (i), and (k), and 16.1

At this time, the Parties agree that pretrial statements and a pretrial order called for by LCR 16(e), (h), (i), and (k), and 16.1 will increase economy, and therefore agree that that same is necessary.

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
Telephone: +1 206 623 7580
Facsimile: +1 206 623 7022

**10. Intent to Utilize Individualized Trial Program or Alternative Dispute Resolution**

The Parties do not intend to utilize the Individual Trial Program. The Parties are negotiating whether Alternative Dispute Resolution is appropriate and will promote early and inexpensive resolution.

**11. Suggestions for Shortening or Simplifying the Case**

N/A

**12. Trial Ready Date**

See proposed schedule in Section 5.B.

**13. Jury Trial**

The Parties seek trial by a jury.

**14. Number of Trial Days Required**

The Parties agree that a five (5) day trial is sufficient.

**15. Names, Addresses, and Telephone Numbers of All Trial Counsel**

Given the trial ready date identified above in Section 5.B, the Parties reserve the right to amend the list of trial counsel.

**16. Dates on which Trial Counsel May Have Conflicts or Other Complication to Be Considered in Setting a Trial Date**

Given the trial ready date identified above in Section 5.B, the Parties reserve the right to move for a new trial date in the event of conflicts or other complication. The Parties agree to meet and confer in good faith regarding any motion for a new trial date.

**17. Service on Defendants**

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
Telephone: +1 206 623 7580
Facsimile: +1 206 623 7022

Defendant Chasing-USA has been served. *See* Dkt. No. 9. Defendant Chasing-China waived serve in exchange for an extension of time to answer, respond, or otherwise defend against the Complaint.

**18. Desire for a Pretrial Fed. R. Civ. P. 16 Conference with Court**

At this time, the Parties believe a pretrial Fed. R. Civ. P. 16 conference would not be beneficial.

**19. Dates for Filing Fed. R. Civ. P. 7.1 and LCR 7.1 disclosures**

Plaintiff filed its Fed. R. Civ. P. 7.1 and LCR 7.1 disclosures on September 11, 2023. Defendants filed their Fed. R. Civ. P. 7.1 and LCR 7.1 disclosures on November 16, 2023.

Respectfully submitted this 13th day of December, 2023.

K&L GATES LLP

By    */s/ Christopher M. Wyant*
    Christopher M. Wyant, WSBA #35561
    Shelby R. Stoner, WSBA # 52837
    925 Fourth Avenue, Suite 2900
    Seattle, WA  98104
    Phone:  (206) 623-7580
    Fax:  (206) 623-7022
    chris.wyant@klgates.com
    shelby.stoner@klgates.com

*Attorneys for Plaintiff Maytronics, Ltd.*

Oblon, McClelland, Maier & Neustadt, L.L.P.

By    */s/ Eric W. Schweibenz (with permission)*
    Donald R. McPhail
    Eric W. Schweibenz
    Alexander B. Englehart
    OBLON, MCLELLAND, MAIER
    & NEUSTADT LLP

1940 Duke Street
Alexandria, VA 22314
Telephone: 703-413-3000
E-mail: dmcphail@oblon.com
E-mail: eschweibenz@oblon.com
E-mail: aenglehart@oblon.com

By _ /s/ John T. Fetters (with permission)
John T. Fetters (WSBA #40800)
Valerie Walker (WSBA #52584)
STOKES LAWRENCE, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, WA  98101-2393
Telephone: 206-626-6000
E-mail: John.fetters@stokeslaw.com
E-mail: Valerie.walker@stokeslaw.com

*Attorneys for Defendants Chasing Innovation Technology Co., Ltd. and Chasing Technology (USA), LLC,*

JOINT STATUS REPORT- 13
Case No. 2:23-cv-01406